The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173
Dear Representative Scroggin:
I am writing in response to your request for an opinion on the following matter:
 If a mayor appoints a person to a [Public Water Facilities Board] and the city council does not agree and votes it down then comes up with a candidate of their own and the mayor approves their choice would the appointment be valid?
RESPONSE
In my opinion, the appointment described above would be valid assuming that all other formalities surrounding the appointment were met.
As I understand the situation, the public water facilities board is a public facility board governed by A.C.A. §§ 14-137-101 through -123 (Repl. 1998 Supp. 2003). I assume that Section 14-137-108(a)(3) (Supp. 2003), which sets forth the procedure for nominating succeeding commissioners to a public facilities board in municipalities with less than one hundred thousand (100,000) residents applies. It states in pertinent part:
 (i) Successor members shall be nominated by a majority of the board and appointed by the mayor or the county judge, subject to confirmation by the governing body of the municipality or county for staggered terms of five (5) years each . . .
 (ii) The board shall submit a written list of three (3) successor nominees to the mayor or the county judge at least sixty (60) days before the expiration of the term.
14-137-108(a)(3)(B).[1]
Specifically, the mayor of the city must "appoint" the commissioner and the city council must "confirm" that appointment by a two-thirds vote. The statute clearly sets forth the procedural requirements for appointing successor commissioners: the remaining board members must submit a list of three names, the mayor must nominate someone from that list, and the city council must confirm this nomination. Id.
My research has not revealed any provisions of state law that would prohibit the political negotiations you have described in your request for an opinion. As I understand the situation, the city council after rejecting the candidate proffered by the mayor from the list of three presented by the board suggested one of the two remaining nominees presented by the board. Assuming that the formalities required to appoint a successor commissioner were otherwise followed such that the city council suggested a nominee from the original three submitted by the board, the mayor officially appointed the city council's recommendation and the city council voted to confirm the appointment, in my opinion the appointment is valid.
I note that A.C.A. § 14-137-108 specifically requires that the replacement commissioner be drawn from one of the three nominees presented by the board and emphasize that this opinion is premised on an understanding that the city council, in recommending a nominee to the mayor, chose one of the three people listed by the board.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Subsection (b) of this statute is amended by Act 1276 of 2005. Subsection (a) was not affected.